IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                         NO. 19-CR-3113-JB

ROBERT PADILLA, a.k.a. "Fat Head,"
ROSE ANN ROMERO,
JOHNATHAN VIGIL, a.k.a. "Lil John,"
ROBERT HOCKMAN, a.k.a. "Tony,"
MARCOS RUIZ, a.k.a. "Mark,"
LUIS SANCHEZ, a.k.a. "Payaso,"
ASHLEY ROMERO,
TOMAS SANCHEZ, a.k.a. "T.J.,"
AMANDA SILVA,
SERGIO VALDEZ,
GENEVIVE ATENCIO, and
JANAYA ATENCIO,

    Defendant.

## DISCOVERY ORDER

    The Court, having considered the pleadings of the parties, hereby enters the following discovery order (the "Order") pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and the agreement of the parties as to the disclosure of discovery to defendants incarcerated in this case.

    1.    All discovery materials may be reproduced and provided to the following persons: defense counsel, attorneys for the United States of America, any law clerk, paralegal, secretarial, or clerical personnel regularly employed, or contracted for any of these cases, by counsel for the United States or defendants in preparation of these proceedings, including, but not limited to, associate attorneys, law enforcement and defense investigators, expert witnesses, mitigation

specialists, law clerks, Court personnel or stenographic reporters necessarily involved in these proceedings.

2.	As soon as practicable, each defendant in custody will be provided with a password protected tablet or laptop computer, or its substantial equivalent ("Computer") suitable for the purposes described herein. All government discovery materials will be loaded onto the Computers with discovery provided by the Discovery Coordinator. These Computers can be updated at regular intervals as additional government discovery materials are disclosed. These Computers must be accessible to the defendants in their cells and during legal visits. Except as provided in this Order, a defendant cannot be forced to display his or her Computer to anyone other than defense counsel or persons associated with their defense counsel as described in paragraph 1 of this Order. The password for a defendant's Computer will be set by the defendant and/or his counsel and will not be disclosed to counsel for the government, the United States Marshals, corrections officers, or any other member of law enforcement. Once provided to a defendant, the Computer and all data in any form inside that Computer, including any markings thereon, will be protected by the attorney/client privilege. These computers will only allow defendants to view/review the discovery material placed on the computer which includes audio/video files, pictures and documents.

3.	At the conclusion of an attorney visit, a corrections officer may ask the attorney to unlock the defendant's Computer and briefly conduct a visual examination of the Computer in the presence of the attorney and the defendant to determine if the device contains contraband or is damaged. A corrections officer performing such cursory inspection shall not attempt to read or photograph the contents of the Computer and, unless there is cause to believe that the Computer contains contraband or is damaged, shall return the Computer to the defendant in the presence of the attorney. If a cursory inspection of a Computer provides cause to believe that the Computer

contains contraband or is damaged or if the government otherwise has cause to believe that the Computer contains contraband or is damaged, a corrections officer may seize the Computer. Before the Computer is taken out of the presence of the attorney, it must be powered down and turned completely off. If any Computer is seized in this manner, it shall be taken directly to the Warden of the institution and placed in a secure, locked area accessible only to the Warden until further order of the Court. The corrections officer shall immediately provide a written declaration signed under penalty of perjury as to the cause for the seizure of the Computer ("Statement of Cause"). The Court and counsel for the prosecution and the defendant shall be immediately notified of the seizure and be provided a copy of the Statement of Cause within 72 hours of the seizure of the Computer. The Court will accept input from the parties prior to conducting further proceedings regarding the seized Computer.

4. At any other time, correction officials may periodically ask the defendant to unlock the Computer and quickly scan the devices for contraband; the defendant must unlock and provide the corrections officer visual access to the computer. Corrections officers shall not read or otherwise examine the content of the computers. The corrections officer shall not ask the defendant to check the computer while it is powered on and it must be powered off before the visual scan takes place. Corrections officers shall not take the computer except to scan it as described above.

5. At the conclusion of the case, the Computer will be deleted, and the computers will be returned to the CJA Resource Counsel.

6. Nothing contained herein precludes the government, defendants, their counsel, or their respective assistants and staff from conducting an investigation of the facts of this case on behalf of the government or defendants, including interviewing witnesses, showing witness

statements contained in the discovery material to witnesses and asking witnesses about the content of such statements.

7.      Unless previously expressly addressed herein or in previous orders, the defendants are not precluded from being be provided paper copies of documents, investigative reports, witness interviews or other defense teamwork product ("Defense Materials"). Because the government is providing discovery to each individual defendant separate from the discovery provided to ALL defendants, defendants may receive some discovery in paper form as long as it has not been identified as confidential by the government. Defendants can work to provide individual discovery on their client's computer or can provide it in paper form or review it with them. All parties acknowledge that Defense Materials handled in this manner retain all attorney-client privilege and work product protections.

8.      Counsel can provide, and the defendants can possess, paper copies of publicly filed pleadings. Ex parte or sealed filings may be shown to defendants during defense team legal visits and/or loaded onto the defendant's Computers in the same manner as Defense Materials, but defendants cannot have paper copies of ex parte or sealed pleadings. Defendants can also have access to paper documents which have been procured by defense teams during their investigation through channels such as IPRA/FOIA or discovery received through state prosecutions.

9.      In the event the government and/or any defense counsel need to provide any defendant with a paper copy of any document covered by this Order or want some other modification of the Order, the party seeking modification of the Order shall move the Court for the modification. Such motion must comply with the Local Rules and set forth good cause for the requested modification. Unless exigent circumstances can be shown in the motion for a shortened briefing schedule, an ordinary briefing schedule shall apply.

10. Should counsel withdraw or cease to participate in the above-referenced cases, any discovery materials and any copies derived therefrom will be provided to new counsel once the substitution is ordered by the Court.

11. Discovery material disclosed by the government in these matters shall be used solely in connection with these proceedings, or any related appellate proceedings and collateral review. Government discovery materials shall not be used for any other purpose, including any other litigation or proceeding.

12. The provisions of this order shall remain in effect until further order of this Court.

IT IS SO ORDERED.

DATED: May 4, 2020

_____
UNITED STATES DISTRICT JUDGE