# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**                                  **No. 1:19-cr-03113-JB**

**ROBERT PADILLA, et al.,**

**Defendants.**

## DEFENDANT ROBERT PADILLA'S MOTION TO PRODUCE STATEMENTS, RECORDINGS, OR OTHER DISCOVERY RELATED THE GOVERNMENT'S ALLEGATION THAT DEFENDANT ROBERT PADILLA TRAFFICKED IN HEROIN AND/OR METHAMPHETAMINE

COMES NOW the Defendant, Robert Padilla, through counsel, Romero & Winder, P.C., (Joe M. Romero, Jr.), and pursuant to the Fed. R. Crim. P. 16 and the doctrine of *Brady v. Maryland*, respectfully requests that the Court order the Government to produce all statements made by co-defendants, confidential sources, audio and/or video recordings, or any other discovery in the control or which could easily be gathered by the government in support of the allegations in Count I, that Defendant Robert Padilla conspired with others, from on or about September 17, 2018 to September 10, 2018, to traffic in heroin and/or methamphetamine. As grounds in support, Defendant states the following:

The indictment charges, under Count I, that

A) Defendant and other conspirators reasonably foreseeable to Defendant trafficked in one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, contrary to 21 U.S.C. § 841(b)(1)(A); and

B) Defendant and other conspirators reasonably foreseeable to Defendant trafficked in a mixture or substance containing a detectable amount of methamphetamine, contrary to 21 U.S.C. § 841(b)(1)(C).

To date, after diligent review, the discovery produced to date does not appear to contain discovery that supports the allegation that Defendant Robert Padilla trafficked in heroin or in methamphetamine on a given date or location. In fact, the remaining counts in the indictment (Counts 2 thru 19), do not alleged or charge Defendant Robert Padilla with engaging in any specific act or count of possession or trafficking of heroin or methamphetamine. Based on the defense investigation, Defendant reasonably believes there are either additional recordings, statements, or documents in the government's possession and that those documents are likely to be exculpatory or otherwise beneficial to the defense or, in the alternative, that the allegations that Defendant Padilla trafficked in heroin and/or in methamphetamine are the result of confusion and should therefore be dismissed.

The production of all material exculpatory and impeaching evidence is required by the due process clause and the Supreme Court's decisions in *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). Defendant also seeks a variety of other discovery, including witness statements, grand jury transcripts and summaries of expert opinions—any and all discovery that may be relied upon to support the allegations that Defendant Padilla trafficked in heroin or in methamphetamine. The prompt production of these items will aid the efficient processing of this case and will minimize delays at trial that would be necessitated by delaying the production of Jencks Act statements until after the witness testifies on direct examination. *See* 18 U.S.C. §3500. Under the *Brady* doctrine, *Id.*, the prosecutor has an affirmative duty to disclose evidence favorable to a defendant. This right is secured by the due process clause and requires the production of any exculpatory or impeaching information that is material to guilt or innocence. *Id.*, 373 U.S. at 87. The *Brady* doctrine extends to impeachment evidence, as the "reliability of a given witness may well be determinative of guilt or innocence." *Giglio*, 405 U.S. 150, 153 (1972);

*see also Tassin v. Cain*, 517 F.3d 770, 779-80 (5th Cir. 2008)(evidence concerning the credibility of a witness falls within *Brady* disclosure rule).

The prosecutor has "a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419 (1995). The prosecutor's duty to disclose favorable, material evidence "is inescapable." *Id*. Indeed, the prudent prosecutor "will resolve doubtful questions in favor of disclosure." *Kyles*, 514 U.S. at 439. To ensure that favorable evidence known to law enforcement officers is turned over to the prosecutor, policies and regulations "can be established to carry [the prosecutor's] burden and to insure communication of all relevant information on each case to every lawyer who deals with it." *Kyles*, 514 U.S. at 438. Tenth Circuit decisions hew closely to the doctrine established by *Brady* and its progeny, recognizing that *Brady* establishes a rule of fairness that is grounded in the constitutional guarantee of due process, as stated in the Fifth and Fourteenth Amendments. *Smith v. Secretary of New Mexico Department of Corrections*, 50 F.3d 801, 822 (10th Cir. 1995).

In light of these clear, due process principles, Defendant requests that the United States be directed to make a careful search for exculpatory and impeaching information as defined in *Brady, Giglio* and *Kyles*, and promptly produce such information, including in particular any such information that contains any basis or relates in any way to the allegations lodged against Defendant Padilla that he trafficked in heroin or in methamphetamine. As recognized in case law, the prosecutor alone may be aware of certain evidence that has not been disclosed, *Banks v. Reynolds*, 54 F.3d 1508, 1517 (10th Cir. 1995), and the law thus imposes on the prosecutor a duty to make a reasonable inquiry with law enforcement for such evidence.

Based on the nature of this motion, the Assistant United States Attorney Robert I. Goldaris objects to the relief sought.

**WHEREFORE** Defendant Padilla therefore requests that the government produce all *Brady/Giglio* information and further, that the government specifically undertake a search for any exculpatory information, documents, statements or other evidence that relates to the allegation that Defendant trafficked or conspired to traffic in heroin or in methamphetamine.

Respectfully Submitted
ROMERO & WINDER, P.C.

By:     /s/ *"Electronically filed" 7/9/20*
        Joe M. Romero, Jr.
        Attorney for Defendant Padilla
        1905 Lomas Blvd. NW
        Albuquerque, NM 87104
        (505) 843-9776
        joe@romeroandwinder.com

This will certify that a true and correct copy of the foregoing was delivered via the Court's electronic filing system to counsel for the government and counsel for all co-defendants on the date indicated in the court-affixed header.

/s/ "Electronically Filed"
Joe M. Romero, Jr.