# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          **Plaintiff,**

vs.                                No. 1:19-cr-03113-JB

ROBERT PADILLA, et al.,

          **Defendants.**

## DEFENDANT ROBERT PADILLA'S MOTION TO PRODUCE TRAINING AND ACCURACY RECORDS OF POLICE DRUG DOG

COMES NOW the Defendant, Robert Padilla, through counsel, Romero & Winder, P.C., (Joe M. Romero, Jr.), and pursuant to the Fed. R. Crim. P. 16 and the doctrine of *Brady v. Maryland*, respectfully requests that the Court order the Government to produce all records pertaining to the drug dog that was utilized in a traffic stop leading to Count Fifteen of the Indictment. Specifically, the Defendant seeks production of all records pertaining to the drug dog's training, certification, and health for a five-year period of time prior to alert in this case. As grounds in support, Defendant states the following:

## FACTUAL BACKGROUND

1. Count Fifteen of the Indictment charges that on or about April 1, 2019, Defendant Padilla engaged in the trafficking of a mixture and substance containing a detectable amount of cocaine. Upon information and belief, the allegations arising on that date arose from a traffic stop in which a drug detection dog was used;

2. Upon information and belief, a vehicle search resulted from the aforementioned drug dog's "alert," and

3. Upon information and belief, a search was conducted thereafter and suspected narcotics may have been found.

**ARGUMENT**

Based upon the foregoing information, Defendant Padilla seeks the training, certification and health records of each drug dog used in the aforementioned stop and requests that those records cover the five-year period of time prior to the alert in this case. The records sought are germane to the issue of whether or not the search was conducted with probable cause to search the vehicle. While a positive alert by a drug dog may provide probable cause to search a vehicle and its contents, *see U.S. v. Ludwig*, 10 F.3d 1523 (10th Cir. 1993), a positive alert may not provide probable cause in the event that the drug dog has a poor or questionable accuracy record. The records requested are critical to Defendant's ability to defend himself against Count Fifteen and may form the basis to suppress all items seized or discovered as a result of the aforementioned search on April 1, 2019, as a result of the search following the drug dog alert. A vital item to assess is the drug dog's training and accuracy records.

Based on the nature of this motion, the Assistant United States Attorney Robert I. Goldaris objects to the relief sought.

Respectfully Submitted
ROMERO & WINDER, P.C.

By: */s/ "Electronically filed" 7/9/20*
Joe M. Romero, Jr.
Attorney for Defendant Padilla
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 843-9776
joe@romeroandwinder.com

This will certify that a true and correct copy of the foregoing was delivered via the Court's electronic filing system to counsel for the government and counsel for all co-defendants on the date indicated in the court-affixed header.

/s/ "Electronically Filed"
Joe M. Romero, Jr.