IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                    Plaintiff,

vs.                                                  Cause No. 1:19-cr-03113-JB

ROBERT PADILLA, et al.,

                    Defendants.

## DEFENDANTS' FOURTH AMENDED JOINT UNOPPOSED MOTION TO VACATE SCHEDULING ORDER AND APRIL TRIAL AND IMPOSE SECOND SCHEDULING ORDER

Defendant Tomas Sanchez, by counsel, The Law Office of Ryan J. Villa, by Ryan J. Villa, joined by all Defendants, submits this Motion to Vacate the Court's Scheduling Order [Doc. 204] and impose a Second Scheduling Order, to permit the Defendants more time to review discovery, conduct their own investigations into the facts, prepare motions, confer with potential expert witnesses, and engage in plea negotiations prior to trial. The parties request a new trial date on October 18, 2021. The Defendants submit that a continuance of trial from April 2021 to October 18, 2021 is the minimum amount of time necessary to adequately prepare for trial.  The United States does not oppose this Motion.

## BACKGROUND

On September 11, 2019, a grand jury returned a 19-count Indictment charging all 12 Defendants with conspiracy to commit distribution of controlled substances. *See* Indictment, Count 1 [Doc. 2]. Each Defendant is also charged in one or more of the other 18 counts. *Id*. at Counts 2-19. Shortly after the Defendants' indictment, the Court issued an Order declaring this case complex for speedy trial purposes under 18 U.S.C. § 3161 (h)(7)(A) and 18 U.S.C. § 3161 (h)(7)(A)(ii).

[Doc. 121]. In this Order, the Court noted the large volume of discovery in the case and that the United States indicated the investigation lasted approximately two years and involved nearly every investigative tool available to law enforcement, including four Title III wiretap orders to intercept communications over eight separate phones. *Id.* ¶¶ 5, 7. Accordingly, the Court entered the current Scheduling Order [Doc. 204], setting the case for trial in April of 2021, and setting numerous deadlines prior to trial as well as pretrial hearings associated with certain motion deadlines.

Due to the enormity of discovery, counsel for Defendants have determined that additional time is needed to review discovery and to permit Defendants to review discovery. Moreover, the worldwide COVID-19 pandemic has severely limited counsel's ability to meet with Defendants, especially Defendants in custody and review discovery with Defendants. The pandemic has also severely limited the defense teams from conducting their own investigation into the facts, including conducting witness interviews, which are normally done in person. Last, new counsel has been appointed for Mr. Sanchez in June 15, 2020, and new counsel, Scott Davidson, has been appointed June 24, 2020, to assist all Defendants in reviewing and, if necessary, litigating the propriety of the Title III wiretap applications and phone interceptions. Based on all of these circumstances and those discussed below, Defendants request the Court vacate the current Scheduling Order. Defendants will then consult with each other and the United States to prepare a second scheduling order that will accommodate Defendants needs to prepare for trial. The parties request a trial date on October 18, 2021 depending on the Court's availability. The remainder of the dates in the second scheduling order will be based on this trial date.

As indicated, the primary reason for the requested continuance is the need to complete review of discovery and the concomitant defense investigation that goes along with this review.

2

With respect to discovery, to date it consists of 110 gigabytes of data.  This data contains 16,000 pages of documents, more than 132 hours of audio recordings, and more than 2,382 hours of video recordings. Consequently, Defendants have utilized a court-appointed Coordinating Discovery Attorney (CDA) to assist in providing litigation support services including organizational strategies for discovery. On May 7, 2020, the CDA provided hard drives to counsel which contained all discovery and included discovery review tools to assist counsel in reviewing this discovery.  Due to the massive amount of discovery which defense counsel cannot provide to Defendants in a non-electronic format, counsel arranged for Defendants to receive laptops containing all the discovery, along with the discovery review tools prepared by the CDA.

Most Defendants received those laptops in the end of May or early June 2020.  As a result, defense counsel and Defendants are still completing their review of discovery.  As the discovery review unfolds, the defense teams are also conducting their own investigation into the facts. Prior to the pandemic, this would normally consist of locating and interviewing witnesses, viewing pertinent locations, and obtaining documents and records, in person.  As a general rule, witnesses do not want to be interviewed.  Witnesses often do not return phone calls, emails or respond to letters, and often in person location and interview of the witness is the only reliable method to find a witness and conduct an interview.  However, this has not been feasible due to the pandemic and has been severely slowed.  Accordingly, other methods such as phone contact, email or video will have to be explored, but will make completing the interview process take significantly longer.

Further, jury trials were suspended in this district from early March through September. Only recently resuming in October.  It is anticipated that this has created a backlog of trials that will cause a ripple effect with the Court's docket that may necessitate moving the April trial.  In

any case, due to the need to complete discovery review and investigation, Defendants will not be prepared for trial by April 2021.  Defendants assert that even if there were not a pandemic, they would not be prepared for trial by April 2021.  A continuance of six months, as requested, is the minimum amount of time necessary for all Defendants to be prepared for trial.

## ARGUMENT

The Court should vacate the current Scheduling Order and the April trial setting and permit the parties to submit a second scheduling order. A continuance of the trial setting is necessary due to the complexity of the case and the need for all Defendants to complete review of discovery and their own independent investigation of the facts. Discovery review, including in presence review between defense counsel and Defendants, have been severely limited by COVID-19.  For those Defendants in custody, counsel have not had the same ability to consult with their clients and review discovery in person because of limitations on in-person client visits at the detention facilities.  Moreover, Defendants have only had the discovery via their laptops since May of 2020. As a consequence, independent investigations have not been completed because of the need to complete a review of discovery and the limitations created by the pandemic, which include conducting in-person interviews and site visits.

Accordingly, counsel for all Defendants need more time to:

1) review discovery;

2)  confer with their clients regarding the discovery, identify discovery not produced and seek to obtain it via additional request to the government or through litigation;

3)  investigate the facts of the case;

4) identify and consult with expert witnesses;

4

5) conduct legal research regarding any legal issues that arise, and to prepare and litigate necessary pretrial motions;

6) engage in plea negotiations with the United States; and

7) if necessary, prepare for trial.

As indicated, Defendants believe a continuance of the trial until October 18, 2021 is necessary to complete these tasks and be prepared for trial. This time period is the minimum amount of time needed to be prepared for trial.

Defendants right to effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Defendants will be denied their right to effective assistance of counsel. As the Eleventh Circuit has recognized:

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance…is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 242 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446 (1940).

As indicated, counsel and Defendants have only recently had the opportunity to review the discovery as organized by the CDA. Review of this discovery and the ability to conduct an independent investigation are critical to develop and present defenses at trial. Defendants' constitutional right to present a defense as provided for in *South Carolina v. Holmes*, 547 U.S. 319 (2006), cannot be effectuated fully without the ability of the defendants, not just their counsel, to review all of the discovery. Due to the large amount of discovery, including audio and video files,

it has taken several months for defense counsel to have the discovery organized and delivered to Defendants.  Given the quantity of discovery in this case, much more time is needed than normal. Defendants are entitled to a constitutionally adequate investigation sufficient to enable counsel to properly defend their case. *See Medina v. Barnes,* 71 F.3d 363, 369 (10th Cir. 1995).  Once the defense review of discovery and investigation is complete, identifying legal issues, participating in motion practice and developing trial strategy will be demanding. Should any defendants proceed to trial, the trial is anticipated to several weeks. Multi-defendant trials and cases of this complexity require significantly more preparation time than usual.

The parties to this case have at all times acted with due diligence.  However, due to the complexity of the case, the pandemic, and appointment of new counsel, reviewing discovery materials has been difficult. Defendants agree with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Defendants and will potentially allow them to reach a favorable resolution with the the government. Counsel has discussed with their respective clients their rights under the Speedy Trial Act and Defendants understand the need for a continuance. Given the above-stated needs, Defendants believe the current scheduling order should be vacated, a continuance of the April trial date is warranted, and a new scheduling order should be imposed.

Defendants submit that, pursuant to the requirements of 18 U.S.C. § 3161(h)(7)(B), and consistent with the holding in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), good grounds exist to continue trial. Counsel for all Defendants affirmatively state that the ends of justice will be served by granting this extension of time in which to extend the trial date and set new deadlines in a second scheduling order. *See United States v. Hernandez-Mejia*, 406 Fed.

App'x 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *Toombs*, 574 F.3d at 1273). A continuance of the deadlines and jury trial in this matter will provide the parties time to discuss a possible negotiated resolution of this matter.  Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit all Defendants by providing them a more favorable resolution to this matter. This motion is not predicated upon the congestion of the Court's docket or any delay caused by the United States.

All Defendants who have joined in this Motion agree that they cannot be prepared to try this case by the April trial date and that a continuance is needed. All Defendants agree to an extension of time until October 18, 2021.

The parties have conferred and request the trial be rescheduled on October 18, 2021 and the deadlines in a new second scheduling order should be in accordance with this new date.  A proposed scheduling order is being submitted to the Court concurrent to the filing of this Motion.

## CONSULTATION WITH COUNSEL

Counsel for Tomas Sanchez, Ryan J. Villa, sought the position of all counsel for all parties on this Motion.  All Defendants concur in this motion. Counsel for the government does not oppose a continuance of trial and issuance of a new scheduling order.

## CONCLUSION

For the reasons stated above, the Court should vacate the current scheduling order and trial date and impose a second scheduling order for a trial date on October 18, 2021. This continuance is necessary for all Defendants to be prepared for trial and is the minimum amount of time needed in order to be prepared for trial.

Respectfully submitted,
The Law Office of Ryan J. Villa

By:    */s/ Ryan J. Villa*
RYAN J. VILLA
2501 Rio Grande Blvd. NW Ste A
Albuquerque, New Mexico  87104
(505) 639-5709
(505) 433-5812 (fax)
ryan@rjvlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2020, I filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Ryan J. Villa*
RYAN J. VILLA