**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

          **Plaintiff,**

vs.   No. 1:19-cr-03113-JB

**ROBERT PADILLA, et al.,**

          **Defendant.**

## NOTICE OF JOINDER TO DEFENDANT ROBERT PADILLA'S MOTION FOR BILL OF PARTICULARS [Doc. 305]

Defendant Tomas Sanchez, by counsel, The Law Office of Ryan J. Villa, by Ryan J. Villa, files this Notice of Joinder to inform the Court and the parties that Mr. Sanchez joins in all respects the relief requested by Defendant Robert Padilla in his Motion [Doc. 305], filed on December 30, 2020.

For Mr. Sanchez specifically, he is individually charged in the primary conspiracy in Count 1: conspiracy in violation of 21 U.S.C. § 846; Count 6: possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and Count 7: possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Mr Sanchez, is not accused of involvement with other alleged controlled substances that some co-conspirators are alleged to have distributed, including crack, methamphetamine, and heroin. *See* Indictment at 1-5 [Doc. 2]. Counts 6 and 7, rather curiously alledge possession with intent to distribute fentanyl and cocaine from October 17, 2018 through November 8, 2018. *See id.* at 6-7. These counts require additional information because Mr. Sanchez was never found to be in possession of either substance. It is assumed all three counts are based on intercepted phone calls in which code was alleged to be used for the two drugs at issue. There is no other evidence that corroborates that Mr. Sanchez indeed

possessed these two substances with intent to distribute them, outside of alleged intercepted phone calls. Moreover, the phone calls themselves do not make clear whether, if in fact they concern discussions about fentanyl and cocaine, that Mr. Sanche was distributing them rather than simply buying them for personal use. Therefore, these charges are vauge and are without sufficient precision to allow Mr. Sanchez to prepare his defense.

Fed.R.Crim.P. 7(f) describes an indictment as "a plain, concise, and definite written statement of the essential facts constituting the offense charged." "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Tyler*, 42 Fed. Appx. 186, 190 (10th Cir. 2002) (quoting *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996)). If the indictment does not set fourth the elements of the offense charged *and* suffciently apprise the defendant of the charges to enable him to prepare for trial, a bill of paticulars is appropriate. *See id.* Despite the defendant not being entitled to notice of all of the evidence the government intends to produce, because a bill of paticulars is "not a discovery device," he is entitled to the theory of the government's case. *See id.*; *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir.1988). Further "[t]he proper method to challenge and prevent the prosecution from changing its theory of the case is through a bill of particulars." *United States v. Doe*, 572 F.3d 1162, 1176 (10th Cir. 2009) (citing *Sullivan v. United States*, 411 F.2d 556, 558 (10th Cir.1969) ("If the accused desired more definite information for the proper preparation of a defense and to avoid prejudicial surprise, the remedy was by motion for a bill of particulars....")). Courts have "very broad discretion" in whether to grant requests on a bill of paticulars. *See Will v. United States*, 389 U.S. 90, 100-02 (1967)).

Essentially, because of the vague nature of the charges as they relate to Mr. Sanchez, he is unable to confirm what evidence the government intends to use against him that corroborates his

involvement of the conspiracy during the alleged time period, beyond a handful of phone calls obtained via wiretap. These phone calls, standing alone are insufficient. For example, in a phone call allegedly with Padilla, Mr. Sanchez allegedly states that he is almost ready for "another one," affirms when asked if he is referring to "white," and confirms he has about "fifty pills." He also allegedly answers "a couple" when asked about "blue things" in another phone call. Another call allegedly has Padilla asking about whether Mr. Sanchez handled "that thing." These phone calls, and other phone calls like them, are far from inculpatory overt acts on their own and do not effectively corroborate Mr. Sanchez's involvement in the conspiracy or the charges of possession with intent to distribute cocaine and fentanyl. They also could just as easily be construed as purchasing controlled substances for personal use, not distribution.

Additionally, because the conspiracy's drug quantity and whether Mr. Sanchez was allegedly a seller as opposed to a purchaser of drugs will likely be determined by statements of co-conspirators and members of the conspiracy "whose names are known," Mr. Sanchez also requests that the government identify these individuals, including any other co-conspirators not yet named in the Indictment. *See* Indictment [Doc. 2]; *See also United States v. Redding*, 540 F. Supp. 2d 1184, 1188 (D. Kan. 2008).  In *Redding*, the defendant contended that the indictment was lacking because it failed to inform him who the alleged co-conspirators are and what overt acts were completed in furtherance of the conspiracy. *Id.* The defendant in *Redding* maintained that a bill of particulars was necessary, despite discovery being provided, because the government provided "boxes of discovery naming many alleged drug dealers and other persons." *See id.* The *Redding* indictment charged the defendant with conspiring with "known and unknown" persons in the distribution of crack cocaine. *Id.* Further, it stated that defendant's acts began in April 2004 and continued until October 2006, over two years. *Id.* The *Redding* Court held:

> [T]he 'known' co-conspirators need to be revealed to the defendant so that defendant can better defend his case either by rebutting the alleged co-conspirator statements or by confronting any witnesses against him. To the extent that the information about the alleged "known" co-conspirators is not readily available in the record disbursed to defendant, the government should direct the defendant to that information either within the record or by providing the defendant with a list of the known co-conspirators.

*Id*. Thus, because the government is using information from "other persons whose names are known" to determine the amount of drugs that the government intends to attribute to Mr. Sanchez specifically as well as potentially to establish that Mr. Sanchez sold rather than simply purchased drugs, Mr. Sanchez also requests that individuals be identified who are necessary to determine Mr. Sanchez's alleged involvement in count 1 as well as counts 6 and 7 of the Indictment [Doc. 2]. This information is vital to the preparation of Mr. Sanchez's defense in the absence of other overt acts by Mr. Sanchez provided in discovery that could link him to the allegations in the Indictment.

Overall, Mr. Sanchez joins in all respects to the relief requested in Padilla's Motion [Doc. 305] and requests additional relief specific to himself specifically. For the reasons discussed above, Mr. Sanchez respectfully requests this Court require a bill of particulars from the Government regarding his charges specifically.

Respectfully submitted,
The Law Office of Ryan J. Villa

 /s/ *Ryan J. Villa*
RYAN J. VILLA
Counsel for Defendant
5501 Eagle Rock Ave. Suite C2
Albuquerque, New Mexico  87113
(505) 639-5709
(505) 433-5812 (fax)
ryan@rjvlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2021, I filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel entitled to notice to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    */s/ Ryan J. Villa*
    RYAN J. VILLA