IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )     Cr. No. 19-3113 JB
     vs.                         )
                                 )
**ROBERT PADILLA**,              )
                                 )
          Defendant.             )

## UNITED STATES' RESPONSE TO DEFENDANT ROBERT PADILLA'S MOTION FOR DISCOVERY CONCERNING POTENTIAL EXPERTS

The United States of America, through its undersigned counsel, hereby responds to Defendant Robert Padilla's Motion for Discovery Concerning Potential Experts. Doc. 306. The United States requests the Court deny the defendant's motion as moot. As grounds, the United States submits:

On February 22, 2021, the United States filed its Notice of Intent to Call Expert Witnesses, pursuant to Fed. R. Crim. P. 16(a)(1)(G). Doc. 345. Contained within the government's Notice are the names of the chemists and fingerprint analyst proposed expert witnesses the government intends to call at a trial on the merits. Also contained in the Notice is a summary of the proposed testimony of each witness. The laboratory analyses for each drug exhibit, and the curriculum vitae of each chemist and the fingerprint analyst have been provided in discovery.

In an abundance of caution, the United States also provided information about the potential testimony of a Drug Enforcement Administration (DEA) agent. The United States believes there will be ample testimony from other witnesses that may make this testimony

redundant but wanted to place the defendants on notice that the United States reserved the right to call a DEA agent witness as an expert, if necessary.  The contents of the proposed testimony have also been provided.

In particular, the United States may solicit expert testimony from DEA Group Supervisor, Special Agent Jeffrey Simms. Special Agent Simms may be offered as an expert in drug trafficking, to include ways, manner, means and methods of trafficking in controlled substances (hereinafter, "drug trafficking"), including pricing, packaging, transportation, and differentiating between distribution and personal use.

Special Agent Simms received his Bachelor of Business Administration, Accounting, from the University of New Mexico in May 2004. Special Agent Simms joined the DEA in 2006. In 2006, he attended a 16-week academy in Quantico, Virginia where he received specialized training in the area of drug investigations. Special Agent Simms has been assigned to the Albuquerque District Office since August 2013. Previously he was assigned to the DEA Las Cruces Resident Office (August 2012- August 2013) and the DEA Las Vegas District Office (December 2006 - August 2012).

Special Agent Simms has participated in countless drug investigations, including undercover investigations and Title III investigations, targeting both domestic and international drug traffickers, as well as traffickers at all levels of the drug trade. Special Agent Simms regularly participates in interviews of confidential sources, informants and/or persons arrested for drug related crimes, including money laundering and firearms offenses. Special Agent Simms regularly prepares and/or participates in the preparation and execution of search warrants and arrests warrants for drug related crimes, including money laundering and firearms offenses. Special Agent Simms is proficient in the methods of surveillance, to include physical, electronic

and video surveillance. Special Agent Simms also has attended significant training in drugs, to

include:

      2006 Basic Agent Training, DEA Academy
      2006 Internet Telecommunications Exploitation Program
      2001 Protecting the Games, Nevada Gaming Control Board
      2007 Fourth International Conference on Asian Organized Crime & Terrorism
      2007 Criminal Highway Interdiction
      2008 GHB & Club Drugs
      2010 Financial Investigations Seminar
      2011 California and Nevada Narcotics Officers Associations

Special Agent Simms also has provided instruction to other agents as follows:

      2014 Detailed Report Writing/Essential of Documentation, Advanced Drug
         Investigator School, DEA Albuquerque District Office
      2015 Drug Investigation Report Writing, Basic Drug Investigator School, DEA
         Albuquerque District Office
      2015 Drug Investigation Report Writing, Basic Drug Investigator School, DEA
         Las Cruces Resident Office
      2015 Drug Investigation Report Writing, Managing Undercover Operations,
         Basic Drug Investigator School, DEA Albuquerque District Office
      2016 Drug Investigation Report Writing, Basic Drug Investigator School, DEA
         Albuquerque District Office
      2017 Class Coordinator, Basic Drug Investigator School, DEA Albuquerque
         District Office

As a result of his substantial experience, Special Agent Simms is well versed in all aspects of the

drug trade to include, sources countries for drugs, drug recognition, transportation routes and

methods, wholesale and retail pricing, money laundering methods, the use of cryptic or coded

language to refer to drugs, the tools of the trade associated with drug distribution and drug use,

methods used to conceal drug trafficking activities (such as secret vehicle compartments and

counter surveillance techniques), and the use of electronic devices in furtherance of drug

trafficking.

      In particular, Special Agent Simms may testify concerning matters that may include:

      l.      The methods used to transport drugs, including the roles played by various
individuals, to transport drugs from foreign countries for distribution in the United States.

Participants include, but are not limited to, transporters of drugs and/or money; individuals assigned to keep and maintain stash locations for drugs and currency; and individuals who establish and maintain facilities where drugs and money can be loaded and offloaded for further distribution, as well as street level distributors.

2.      The importation of drugs, including cocaine, heroin, methamphetamine and fentanyl from foreign countries, including Mexico; the means and methods by which the aforementioned illegal substances are smuggled into the United States; the transportation methods and routes for these illegal drugs, including the use of couriers; and the pricing of these illegal drugs, throughout these various stages of transportation/distribution, to include the "fronting" of drugs.

3.      The means used by drug traffickers to evade law enforcement.

4.      The preference of drug traffickers to operate using cash transactions and the methods used by drug traffickers to hide their illicit drug money, such as by purchasing assets or placing the money into bank accounts.

5.      Indicia of drug distribution versus personal use, as well as tools of the trade that are typically associated with each.

6.      The manner in which these drugs are packaged for sale, including the use of cutting agents.

7.      The methods and manner drug traffickers use to communicate by using telephones and electronic communications. Most notably, the common practices of drug traffickers regarding the use of multiple telephones/devices, pre-paid telephones, and the practice of obtaining new telephones/devices/PlNS and/or telephone numbers on a frequent basis to avoid detection by law enforcement.

8.      The use of false or fictitious names to subscribe to telephones/devices/bank accounts/vehicles to hide the true identities of the users.

9.      The coded language used by drug traffickers to communicate. Drug traffickers are often cautious when communicating and tend to speak using coded language, particularly when identifying controlled substances and/or money by name in conversations either in person or over the telephone/device. This coded language often uses benign language, which sounds non-criminal in nature. In fact, while some slang or coded terms are common, drug traffickers often use various everyday terms to refer to drugs or money to avoid detection by law enforcement.

10.      Special Agent Simms will testify that drug traffickers may use, carry and possess firearms.  The possession of firearms is necessary to protect their merchandise and money from law enforcement, and other individuals.

Finally, Special Agent Simms will testify that based on his knowledge, skill, experience, training and education, the evidence in this case is consistent with distribution and possession with intent to distribute. His opinion is based on, among other things, the defendant's confession, the anticipated testimony of government witnesses (as reflected in reports produced in discovery), the quantity and packaging of the drugs seized in this case, the use of scales, baggies, spoons and other drug paraphernalia, the defendant's unexplained wealth, the defendant's possession of large amounts of cash, the defendant's use of a nominee, and the defendant's use/possession of multiple cell phones/numbers.

WHEREFORE, for the foregoing reasons, the United States requests the Court deny the defendant's motion as moot.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*__Electronically filed on 3/5/2021__*
ELAINE Y. RAMÍREZ
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

I HEREBY CERTIFY that on the 5th day of March, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to defense counsel.

*__Electronically filed on 3/5/2021__*
ELAINE Y. RAMÍREZ
Assistant United States Attorney