**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

Plaintiff,

**vs.** **Cause No. 1:19-cr-03113-JB**

**ROBERT PADILLA, et al.,**

Defendants.

**AMENDED JOINT MOTION TO CONTINUE TRIAL AND**
**MOTION TO EXTEND TIME TO FILE OR RESPOND TO MOTIONS**

Defendant Robert Padilla ("Mr. Padilla"), by and through counsel, Romero & Winder, PC (Joe M. Romero, Jr.), respectfully files this Amended Motion requesting the Court to continue the trial currently set for January 31, 2022, for ninety (90) days, and to grant a corresponding extension to file or respond to motions. As grounds for this motion, the parties state the following:

**PROCEDURAL BACKGROUND**

On January 20, 2022, Defendant Padilla filed an Unopposed Motion to Continue Trial and Motion to Extend Time to File or Respond to Motions (Doc. 634). By way of this Amended Joint Motion to Continue Trial, the parties inform the Court that the pending request to continue the trial in this case is now a joint request by all parties. Consequently, Defendants Robert Padilla, Johnathan Vigil, Ashley Romero, Genevive Atencio, and Janaya Atencio by and through their respective Counsel of record, and the United States, by and through Assistant United States Attorney Elaine Y. Ramirez, hereby respectfully submit this motion as a joint motion to continue the current trial setting.

**FACTUAL BACKGROUND**

On September 11, 2019, a grand jury returned a 19-count Indictment charging all 12 Defendants with conspiracy to commit distribution of controlled substances. *See* Indictment,

Count 1 [Doc. 2]. Each Defendant is also charged in one or more of the other 18 counts. *Id.* at Counts 2-19.

A Jury Trial of this matter is currently set for January 31, 2022.

Defendants respectfully requests a continuance to compete several tasks that are vital to the defense. Specifically, Defendants request an additional ninety days from the current setting to complete the task of summarizing and outlining the voluminous discovery in this case in preparation, if need be, for trial. Additionally, Defendants require time to prepare for pending pre-trial motion hearings, and to continue to pursue ongoing plea negotiations with the government. Ninety days is the minimum amount of time that is required to conduct such discussions and set this matter for a change of plea hearing, if a resolution is reached.

A continuance is necessary for counsel to complete the following tasks:

a. Review and summarize voluminous discovery and complete an investigation.

b. Continue ongoing plea negotiations with the government.

c. If a resolution is not reached, then additional time will be necessary to prepare to argue pending pretrial motions, motions in limine, and prepare for trial.

Defendants request a continuance of the trial of no less than 90 days from the current setting. Counsel believes that length of time to be the minimum that will be sufficient to complete plea negotiations in this case.

Defendants right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Defendants will be denied their right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense:

> Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

Defendants agree with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Defendants and will permit them additional time to further investigate this case, to prepare for pretrial motion hearings, and to prepare for trial. Additionally, a continuance will potentially allow him to reach a favorable resolution with the government. Counsel has discussed with Defendants their rights under the Speedy Trial Act and Defendants understand the need for a continuance and respectfully requests that the court continue the trial setting for the ninety days requested by counsel.

Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). A continuance of the deadlines and jury trial in this matter will provide Defendants time to continue his ongoing review of discovery, pursue any investigation, and assess the viability of any defenses. Additionally, a continuance will permit the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Defendants by providing an

opportunity for a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

Counsel for the government, AUSA Elaine Y. Ramirez joins this motion.

Counsel for Defendant Jonathan Vigil (Wayne Baker, Esq.), counsel for Defendant Ashley Romero (Gregory Acton, Esq.), counsel for Defendant Genevieve Atencio (B.J. Crow, Esq.) and counsel for Defendant Janaya Atencio, (Megan Mitsunaga, Esq.) join this motion.

WHEREFORE, Defendants and the United States respectfully request that this Court continue the current trial setting as requested and grant a corresponding extension of motions deadlines as set forth above.

Respectfully Submitted,

By: *_/s/ Joe M. Romero, Jr._*

Joe M. Romero, Jr.
Romero & Winder, PC
Attorney for Charles Brent Justice
P.O. Box. 25543
Albuquerque, N.M. 87125
(505) 843-9776
EM: joe@romeroandwinder.com

Certificate of Service

I hereby certify that the foregoing pleading was filed electronically pursuant to CM/ECF procedures for the District of New Mexico, which caused the parties and/or their counsel to be served by electronic transmission, as more fully reflected by the Notice of Electronic Filing.

*_/s/ Joe M. Romero, Jr._*
Joe M. Romero, Jr.