IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        Plaintiff,

vs.                                                                 **Cause No. 1:19-cr-03113-JB**

**ROBERT PADILLA, et al.,**

        Defendants.

**JOINT MOTION TO CONTINUE TRIAL AND
MOTION TO EXTEND TIME TO FILE OR RESPOND TO MOTIONS**

Defendant Robert Padilla ("Mr. Padilla"), by and through counsel, Romero & Winder, PC (Joe M. Romero, Jr.), respectfully files this Joint Motion requesting the Court to continue the trial currently set for November 29, 2022, for one hundred and twenty (120) days, and to grant a corresponding extension to file or respond to motions. As grounds for this motion, Mr. Padilla states as follows:

**PROCEDURAL BACKGROUND**

On July 18, 2022, Defendant Padilla filed a Joint Motion to Continue Trial and Motion to Extend Time to File or Respond to Motions (Doc. 714). On August 2, 2022, the Court granted said Motion by entering an Order (Doc. 718) which continued the trial to November 29, 2022.

**FACTUAL BACKGROUND**

On September 11, 2019, a grand jury returned a 19-count Indictment charging all 12 Defendants with conspiracy to commit distribution of controlled substances. *See* Indictment, Count 1 (Doc. 2). Each Defendant is also charged in one or more of the other 18 counts. *Id.* at Counts 2-19.

All but three defendants have entered into plea agreements in this case. The three defendants who have yet to resolve their cases by way of a negotiated plea agreement, and whose

cases are currently pending are Defendants Robert Padilla, Genevive Atencio, and Janaya Atentcio. A Jury Trial for Defendants Robert Padilla, Genevive Atencio, and Janaya Atentcio is currently set for November 29, 2022.

Counsel for the Government and counsel for Defendants Genevieve Atencio and Janaya Atencio have informed undersigned counsel that they have reached agreements in their respective cases, such that Defendants Genevieve Atencio and Janaya Atencio will not be proceeding to trial in this case. They are requesting additional time in which to obtain the final approvals needed for the pre-trial disposition of their cases.

Regarding Defendant Robert Padilla, in addition to the above-captioned drug trafficking conspiracy case, Mr. Padilla is also charged in a separate five (5) count Indictment in Case No. 22-CR-0634. This separate case, Case No. 22-CR-0634, in pertinent part, charges Mr. Padilla with Retaliation Against a Witness, Victim, or Informant, in violation of 18 U.S.C. §§ 1513(a)(1)(B) and 2; Killing While Engaged in Drug Trafficking, in violation of 21 U.S.C. §§ 848(e)(1)(A) and 2; Carrying a Firearm in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii),(iii), (j)(1) and 2; and Witness Tampering, in violation of 18 U.S.C. §§ 1512(a)(2)(C) and 2.

As a result of the charges in Case No. 22-CR-0634, Mr. Padilla faces a mandatory life sentence if he were to be found guilty of the homicide-related allegations in said case. In Cout III of Case No. 22-CR-0634, Mr. Padilla is alleged to have committed the alleged homicide in the course of being engaged in drug trafficking. The drug trafficking dates alleged in Count III of Case No. 22-CR-0634 are identical to the drug trafficking dates alleged in the above-captioned drug trafficking conspiracy case in which undersigned counsel represents Mr. Padilla.

Undersigned counsel in this case, Case No. 19-CR-3113, requires additional time to consult with Mr. Ron Gainor and Mr. Marc Robert, Mr. Padilla's attorneys in Case No. 22-CR-0634, to review and compare the discovery in both cases. It is necessary to analyze how the respective discovery in both cases overlaps and how any plea in Case No. 19-CR-3113 would adversely impact Mr. Padilla's defenses to the allegations in Case No. 22-CR-0634. Defense counsel in Case No. 22-CR-0634, Mr. Gainor and Mr. Robert, concur with undersigned counsel's filing of a motion to continue in the above captioned case.

The requested one hundred and twenty (120) days is the minimum amount of time that is required for the Government and Defendants Genevive Atencio, and Janaya Atentcio to finalize their plea negotiations and for Defendant Padilla and undersigned counsel to partake in necessary consultation with counsel for Mr. Padilla (Mr. Ron Gainor and Marc Robert) in Case No.0634.

Defendants request a continuance of the trial of no less than one hundred and twenty (120) days from the current setting. Counsel believes that length of time to be the minimum time necessary to complete the tasks indicated in the Motion.

Defendants right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Defendants will be denied their right to the effective assistance of counsel. As the Eleventh Circuit has recognized, implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense:

> Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

Defendants agree with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Defendants and will permit them additional time to further investigate this case, to prepare for pretrial motion hearings, to complete ongoing plea negotiations, and, if necessary, prepare for trial. Specifically, a continuance will provide the Government and Defendants Genevive Atencio and Janaya Atencio to complete ongoing plea negotiations. Further, a continuance will allow Mr. Padilla and his counsel in Case No. 22-CR-0634 to review the respective discovery in both cases and analyze how the discovery in both cases overlaps and could adversely affect Mr. Padilla regarding claims and defenses he may wish to assert or preserve in in Case No. 22-CR-0634.

Counsel has discussed with Defendants their rights under the Speedy Trial Act and Defendants understand the need for a continuance and respectfully requests that the court continue the trial setting for the one hundred and twenty (120) days requested by counsel.

Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). A continuance of the deadlines and jury trial in this matter will allow the Government and Defendants Genevive Atencio and Janaya Atencio to complete and finalize their plea negotiations and allow Mr. Padilla to review, investigate, and analyze any related discovery in the above-captioned case and Case No. 22-CR-0634. A continuance for such purposes would conserve judicial and prosecutorial resources and could also materially benefit

Defendants by providing an opportunity for a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

Counsel for the government, AUSA Elaine Y. Ramirez joins this motion.

Counsel for Defendant Genevieve Atencio (B.J. Crow, Esq.) and counsel for Defendant Janaya Atencio, (Megan Mitsunaga, Esq.) join this motion.

WHEREFORE, Defendants and the United States respectfully request that this Court continue the current trial setting as requested and grant a corresponding extension of motions deadlines as set forth above.

Respectfully Submitted,
Romero & Winder, PC

By:   */s/ Joe M. Romero, Jr.*
      Joe M. Romero, Jr.
      Attorney for Defendant Robert Padilla
      P.O. Box. 25543
      Albuquerque, N.M. 87125
      (505) 843-9776
      EM: joe@romeroandwinder.com

Certificate of Service

I hereby certify that the foregoing pleading was filed electronically pursuant to CM/ECF procedures for the District of New Mexico, which caused the parties and/or their counsel to be served by electronic transmission, as more fully reflected by the Notice of Electronic Filing.

*/s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.