IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

No. CR 19-3113 JB

ROBERT PADILLA, et al.,

    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 5 2022

MITCHELL R. ELFERS
CLERK

## ORDER TO CONTINUE TRIAL

THIS MATTER is before the Court on the Joint Motion to Continue the November 29, 2022 trial setting. There being good cause shown by the Parties, the Courts finds that the motion is well-taken and should be granted.

IT IS HEREBY ORDERED that the jury trial in this matter currently scheduled for November 29, 2022 is continued and will be rescheduled for _March 29, 2023 at 9:00 am_ (trailing docket).

Additionally, the Court finds that a continuance is necessary to continue and finalize plea negotiations with the government. If a resolution is not reached, then additional time will be necessary to review and summarize voluminous discovery, prepare pretrial motions, motions in limine, conduct case investigation, and prepare for trial. Regarding Defendant Padilla, a continuance is also requested to allow Defendant Padilla to consult with and review discovery with Mr. Padilla's separate counsel in Case No. 22-CR-0634 to determine how any potential plea in the above-captioned case would adversely impact Mr. Padilla's case in Case No. 22-CR-0634.

The court finds that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406

Fed. App'x. 330, 338 (10th Cir, 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009). Additional time will allow the defendants to further review discovery, conduct an investigation into the charges in this case, to prepare and file pretrial motions, and to adequately prepare for trial. Additionally, a continuance will provide the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit the defendants by providing them access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009).

_____
UNITED STATES DISTRICT JUDGE

---

After weighing the best interest of the public and of the Defendant with the ends of justice, the Court finds that granting a continuance will strike a proper balance between the ends of justice and the best interests of the public and of the Defendant for the reasons stated in the motion requesting a continuance, filed November 18, 2022 (Doc. 733). Specifically, the Defendants' need to review and summarize voluminous discovery and complete an investigation, continue ongoing plea negotiations, and if a resolution is not reached, time to litigate pending pretrial motions, enable counsel for the Defendants to discuss and analyze a related case with counsel in that case, and prepare for trial, outweighs the Defendants' and the public's interest in a speedy trial. See 18 U.S.C. Section 3161(h)(7). The pretrial motion deadline is March 8, 2023. The Court will set the trial for March 29, 2023 at 9:00 am (trailing docket). This 120-day continuance is sufficient without being greater than necessary, for the defendant to complete the tasks set forth in the motion to continue.

11/25/22