IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cr. No. 19-3113 JB |
| vs. ) | |
| ) | |
| **ROBERT PADILLA**, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO RECUSE**

The United States of America, through its undersigned counsel, hereby responds to Defendant Robert Padilla's Motion to Recuse the Honorable James O. Browning. Doc. 536. The Defendant is also charged in Cause No. 22-CR-634. The United States requests the Court deny the defendant's motion, as it did in Cause No. 22-CR-634. The United States relies upon the July 12, 2021, Memorandum Opinion and Order filed in *United States v. Jody Rufino Martinez*, No. 19-CR-3725 JB, Doc. 303, attached hereto and incorporated herein as Government's Exhibit A. The United States incorporates by reference the information provided by the Court on July 28, 2023, Doc. 107, attached hereto as Government's Exhibit B. The United States also relies upon the arguments submitted by the government in its Response to Defendant's Motion to Recuse in *United States v. Robert Padilla, et al.*, No. 22-CR-634 JB, Doc. 113, attached hereto and incorporated herein as Government's Exhibit C. Finally, the United States relies upon the oral arguments and presentations at the August 1, 2023, hearing in Cause No. 22-CR-634 JB. As grounds, the United States submits:

I.      **Syndicato Nuevo Mexico and Jody Rufino Martinez**

The history of the Syndicato Nuevo Mexico (SNM) and this Court's experiences in presiding over cases involving members and associates are well documented. *See, e.g., United States v. Martinez*, No. 19-CR-3725 JB, 2021 WL 2915110, at *2-4, (D.N.M. July 12, 2021), Memorandum Opinion and Order, Doc. 303 at 3-6. Martinez, an SNM gang member, raised a similar recusal argument based upon an alleged threat that surfaced in December 2020, *Id*. at 26. Martinez sought a new trial under rule 33, alleging "[d]efense counsel were blindsided at trial by revelations that Mr. Martinez was supposedly involved in a plot to kill several federal officials, including this Court." *Id.* Martinez, relying primarily on *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994), also argued that "the Court should have recused itself during trial, because of Martinez' and the SNM's threats against the Court, and the Court should recuse itself from sentencing Martinez." *Id*. In *Greenspan*, the Tenth Circuit concluded that the sentencing judge should have recused, because the judge, before sentencing the defendant after his guilty plea: (i) "learned of an apparently genuine death threat made against him and against his family under circumstances that made it quite unlikely that the threat was intended as a device to obtain a recusal"; and (ii) "obviously took the threat very seriously, and chose to accelerate court procedures in order to reduce the risk to him and his family as he perceived it. *Greenspan*, 26 F.3d at 1007

In denying the motion, this Court noted that ordinarily "threats or attempts to intimidate a judge will not ... satisfy the requirements for disqualification under section 455(a)." *Greenspan*, 26 F.3d at 1006 (citing *United States v. Cooley*, 1 F.3d 985, 993–94 (10th Cir. 1993)). *See United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008); *United States v. Hairston*, 38 F. App'x 884, 886 (4th Cir. 2002)("While a defendant's alleged death threat against a judge may, in some

cases, sufficiently raise the specter of partiality to warrant the judge's recusal, recusal is not automatically required simply because the trial judge becomes aware of the threats."); *United States v. Yu-Leung*, 51 F.3d 1116, 1120 (2d Cir. 1995). For instance, if the threat against the judge is a ruse or ploy to judge-shop, a judge should not recuse. *See United States v. Beale*, 574 F.3d 512, 519 (8th Cir. 2009)("[D]efendants are not 'permitted to use such a plot or threat as a judge-shopping device.' ")(quoting *In re Basciano*, 542 F.3d 950, 957 (2d Cir. 2008)); *Greenspan*, 26 F.3d at 1006; *Cooley*, 1 F.3d at 993; *United States v. Owens*, 902 F.2d 1154, 1156 (4th Cir. 1990).

This Court was easily able to distinguish the facts in *Martinez* from those in *Greenspan*, This Court noted it was not aware of the connection between Martinez and the threat until after trial, but had the Court been aware of Martinez' threat, the threat is not as serious as the one in *Greenspan*, which involved a multi-state conspiracy to hire a hitman to kill the judge and his family. Additionally, Martinez did not allege that this Court has taken any actions to accelerate court procedures in order to reduce the risk to it. No. 19-CR-3725 JB, Doc. 303 at 50.

**II.    Robert Padilla, Cause No. 22-CR-634 JB**

This Court also heard a similar recusal motion in *United States v. Robert Padilla, et al.*, 22-CR-634 JB, Doc. 103. That motion, filed on July 17, 2023, also stemmed from the December 2020 alleged threat to the prosecution team and the Court. The motion questioned the Court's impartiality, although unlike *Martinez*, Defendant Padilla steadfastly denied being an SNM associate and/or being involved in any threats against the Court or the prosecution team. On July 28, 2023, this Court filed a letter on the docket, No. 22-CR-634 JB, Doc. 107, which contained two letters the Court received, and the Court's best recollection about events that were determined to be an inactive threat. On July 31, 2023, the government filed its response to the

defendant's allegations that the Court's knowledge of these alleged threats mandated recusal. No. 22-CR-634 JB, Doc. 113. On August 1, 2023, a hearing was held on this motion. Although the Court has not issued its written opinion in that case, the United States believes the Court denied the defendant's motion on or about August 1, 2023.

### III.     Robert Padilla, Cause No. 19-CR-3113 JB

On September 1, 2021, the defendant filed a recusal motion in the instant case, Doc. 546. Per defense counsel's email dated August 1, 2023, the arguments raised in Cause No. 19-CR-3113 JB and the arguments raised in Cause No. 22-CR-634 JB, are "identical." Doc. 801. Therefore, the United States believes that this Court should summarily deny the defendant's motion, as it did in Cause No. 22-CR0634 JB.

WHEREFORE, for the foregoing reasons, the United States requests the Court summarily deny the defendant's motion.

Respectfully submitted,

ALEXANDER M. M. UBALLEZ
United States Attorney

*Electronically filed on 8/23/2023*
ELAINE Y. RAMÍREZ
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

I HEREBY CERTIFY that on the 23th day of August, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to defense counsel.

*Electronically filed on 8/23/2023*
ELAINE Y. RAMÍREZ
Assistant United States Attorney