IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAR 11 2024

MITCHELL R. ELFERS
CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CRIMINAL NO. <u>19-CR-3113 JB</u> |
| vs. | ) |
| ROBERT PADILLA, a.k.a. "Fathead," | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **ROBERT PADILLA**, and the defendant's counsel, JOE M. ROMERO, JR.:

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

   d. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to **Count 1** of the Indictment, a violation of 21 U.S.C. § 846, that being Conspiracy to distribute and distribution of a controlled substance, to-wit: 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii); and 280 grams and more of a mixture and substance containing a detectable amount of cocaine base, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

## ELEMENTS OF THE OFFENSE

4. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for a violation of 21 U.S.C. § 846: Conspiracy to distribute a controlled substance, to-wit: 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii); and 280 grams and more of a mixture and substance containing a detectable amount of cocaine base, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

   a. two or more persons agreed to violate the federal drug laws;

   b. the defendant knew the essential objective of the conspiracy;

   c. the defendant knowingly and voluntarily involved himself in the conspiracy;

   d. there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged; and

   e. the overall scope of the conspiracy involved at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine and at least 280 grams of a mixture and substance containing a detectable amount of cocaine base.

## SENTENCING

5. The defendant understands that the minimum and maximum penalty the Court can impose as to **Count 1** is:

    a. imprisonment for a period of not less than ten years nor more than life;

    b. a fine not to exceed $10,000,000.00;

    c. a mandatory term of supervised release of not less than five years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

    d. a mandatory special penalty assessment of $100.00.

6. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes. The defendant further recognizes that while the defendant's attorney may have made a prediction or estimate of the applicable guideline range, the defendant understands that the Court is not bound by any such estimate or prediction.

7. The parties are aware that the Court may accept or reject this plea agreement or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw Defendant's plea of guilty.

8. The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be

helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

9. Except under circumstances where the Court, acting on its own, rejects this plea agreement (or functionally rejects it, as described below under the heading Violation or Rejection of Plea Agreement), the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

## DEFENDANT'S ADMISSION OF FACTS

10. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**Beginning on or about September 17, 2018, and continuing until on or**

>about September 10, 2019, in Bernalillo County, New Mexico and elsewhere, I, Robert Padilla, admit that I knowingly and voluntarily conspired with other defendants to possess with intent to distribute and distributed cocaine and cocaine base. I participated in the possession with intent to distribute and distribution of the controlled substances with others for mutual monetary gain.
>
>In furtherance of this conspiracy, I admit that I was lawfully intercepted speaking to my co-defendants and others about the sale of illegal narcotics and payment for those narcotics.
>
>I admit that I possessed and distributed cocaine, which I referred to as "white" or "white girl" in my intercepted conversations. I further admit that my participation in the conspiracy to distribute cocaine involved 5 kilograms and more of this controlled substance.
>
>I admit that I possessed and distributed cocaine base, which I referred to as "hard" in my intercepted conversations. I admit that I distributed "zips" of cocaine base and/or cooked cocaine base and that my participation in the conspiracy to distribute cocaine base involved 280 grams and more of this controlled substance.
>
>Finally, I admit that there was interdependence among the members of the conspiracy, meaning that the members in some way worked together for their shared mutual benefit within the scope of the conspiracy.

11. By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

12. The United States and the defendant stipulate as follows:

    a. The defendant and the United States agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a specific sentence of 120 months of imprisonment is the appropriate sentence in this case, which shall run concurrent to the sentence imposed in case number 22-CR-634 JB. This agreement takes into account the Defendant's acceptance of

responsibility, with no further reduction to occur. The remaining components of the defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

      b.     If the Court accepts the plea agreement, it must inform the defendant that the agreed upon disposition will be included in the judgment, and the Court is bound by the terms of the plea agreement once the Court accepts the plea agreement.

## FORFEITURE

13.     The defendant agrees to forfeit, and hereby forfeits, whatever interest the defendant may have in any asset derived from or used in the commission of the offense(s) in this case. The defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

14.     The defendant voluntarily and immediately agrees to forfeit to the United States all of the defendant's right, title, and interest in the following assets and properties:

PERSONAL PROPERTY

      a.     A 2016 Chevrolet Corvette, VIN# 1G1YB2D77G5105754, with New Mexico license plate# 06178UNM; and

      b.     A 2011 Cadillac CTS, VIN# 1G6DP5ED8B0134136, with New Mexico license plate# 26859UNM.

15. The defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the defendant's interest in the above-described property to the United States.

16. The defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

17. The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## DEFENDANT'S ADDITIONAL AGREEMENT

18. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

20.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless: (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

21.     The defendant recognizes that this plea agreement has already conferred a benefit on the defendant. Consequently, in return for the benefit conferred on the defendant by entering into this agreement, the defendant agrees not to seek a downward departure or variance from the specific sentence of 120 months of imprisonment as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure. If the defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

22.     The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence. The defendant also waives the right to appeal any sentence imposed below or within the

Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range. The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

23. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees that:

    a. Following sentencing, the United States will move to dismiss Counts 3, 4, 5, 11, 12, 14, 15, 16, 17, 18 and 19 of the Indictment as to the defendant.

24. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

25. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). The defendant also represents that the defendant is pleading guilty because the defendant is in fact guilty.

## VIOLATION OR REJECTION OF PLEA AGREEMENT

26. The defendant understands and agrees that if the Court finds that the defendant or the defendant's attorney has violated any provision of this plea agreement, the United States may declare this plea agreement null and void. In such a case, or where the Court has rejected the plea agreement or has functionally rejected it by failing to accept the agreement within six months of

its entry (except where the United States, in its sole discretion, agrees to an extension of that time) the United States is released from its obligations under the plea agreement, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

27. At this time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

28. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 16th day of February, 2024.

ALEXANDER M.M. UBALLEZ
United States Attorney

*[signature]*

MARIA Y. ARMIJO
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

This agreement has been read to me in the language I understand, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

ROBERT PADILLA
Defendant

I am the attorney for ROBERT PADILLA. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

JOE M. ROMERO, JR.
Attorney for Defendant