IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) CRIMINAL NO. 19-3113-JB |
| | ) |
| vs. | ) |
| | ) |
| **ROBERT PADILLA,** | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND OBJECTIONS TO PRESENTENCE REPORT**

The United States of America hereby responds to Defendant's Sentencing Memorandum and Objections to Presentence Report, Doc. 865, as follows:

**I.   Background**

On September 11, 2019, the Defendant Robert Padilla and others were indicted in this case on numerous drug trafficking offenses.  First PSR at ¶ 1.  Defendant pled guilty to Count 1, Conspiracy to Distribute and Distribution of a Controlled Substance, to wit:  5 kilograms and ore of a mixture and substance containing a detectable amount of cocaine and 280 grams and More of a mixture and Substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846, 21 U.S.C § 841(b)(1)(A) on March 11, 2024.  Docs. 850-852, First PSR at ¶ 2.  The Plea Agreement contains a stipulation, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to a sentence of 120 months imprisonment, to run concurrent to the sentence imposed in 22-CR-00634-JB.  *Id.* at ¶ 3.

The First Presentence Report, Doc. 858, was disclosed on May 7, 2024, which calculated Defendant's total offense level at 39, and with a criminal history category of II, his guideline range

to be 292 to 365 months. *Id*. at ¶ 152.

Defendant filed a Sentencing Memorandum and Objections to the Presentence Report on July 17, 2024. Doc. 865. An Addendum to the Presentence Report was issued on August 1, 2024, Doc. 871, and a Revised Presentence Investigation Report was issued on the same date. *See* Doc. 872. In it, Defendant's criminal history changed to category I, with a new guideline range of 262-327 months. Revised PSR at ¶ 152.

II.     **Defendant's Objections to Presentence Report:**

Defendant has made five objections to the Presentence Report. The United States responds to each of them as follows.

**A.  Objection to the Drug Quantity Calculation, PSR ¶ 62.**

Defendant is objecting to the amount of drugs for which he is being held accountable. However, Defendant notes that should this Court accept the "Rule 11(c)(1)(C) provision of the Plea Agreement, "he is prepared to waive his objection to the converted drug weight calculations contained in the PSR." Doc. 865 at 4. The United States agrees with the response by the U.S. Probation Officer, which maintains that the PSR accurately accounts for the totality of the Defendant's conduct. Doc. 871 at 1.

Additionally, there was an abundance of drug trafficking evidence at the Defendant's trial in 22CR00634-JB, to include not only testimony from cooperating witnesses who distributed drugs on behalf of the Defendant and his DTO, but also photographs, videos, and Title III wire tapped phone conversations regarding the same. Consequently, the United States opposes any changes to the amount of drugs for which the Defendant is being held accountable and this Court should overrule Defendant's objection.

**B. Objection to the Alleged Association of Defendant and the "Padilla DTO" with Multiple Murders and Violence Occurring in 2019.**

Defendant also objects to the "alleged" association of Defendant and the Padilla DTO with multiple murders and violence occurring in and around Las Vegas, New Mexico, during the summer of 2019. Doc. 865 at 4. It should be noted that Defendant's objection in this regard does not impact his guideline range of imprisonment. The United States concurs with the response in the USPO's addendum which correctly indicates that the PSR neither indicates nor implies that Defendant was personally involved with any murder or attempted murder other than that of Leroy Lucero. Doc. 871 at 2. This Court should overrule Defendant's objection.

**C. Objection to Claim that Defendant engaged in Credible Threats of Violence**

Defendant is objecting that he engaged in credible threats of violence against the mother of co-defendant Jonathan Vigil. Doc. 865 at 7. The two-level increase pursuant to USSG §2D1.1(b)(2) applies "[i]f the defendant used violence, made a credible threat to use violence, or directed the use of violence." According to ¶ 43 of the PSR, co-defendant Vigil's residence was searched on September 19, 2019, and contraband in the form of both drugs and firearms were seized pursuant to the search warrant. At that time, Vigil told law enforcement that "he possessed the firearms for protection from [Defendant], as [Defendant] made threats against Vigil's mother." *See* PSR ¶ 43.

As indicated in the USPO's addendum, the basis for the application of USSG §2D1.1(b)(2) is co-defendant Vigil's post-arrest statement. Therein, Vigil stated that he had not spoken with Defendant in approximately two months and that Defendant was going to kill Vigil's mother because he owed Defendant "a lot of money."

Nonetheless, even assuming arguendo that Vigil fabricated the Defendant's threat, the United States agrees with the USPO's assessment that the two-level increase pursuant to USSG §2D1.1(b)(2) applies equally for a separate threat levied by Defendant. Namely, ¶ 26 of the PSR

3

indicates that Defendant threatened to kill Marcos Ruiz on November 11, 2018, in an intercepted wire communication. During that call, Defendant was speaking with Luis Sanchez regarding money owed to him by Marcos Ruiz. Defendant indicated that Marcos Ruiz owed him money and expressed his desire to shoot Marcos Ruiz. Consequently, the November 11, 2018, wire intercept forms an independent basis for the application of USSG §2D1.1(b)(2) for making a credible threat of violence and this Court should overrule Defendant's objection.

**D. Objection to the Criminal History Calculation for Possession of a Firearm**

Defendant is objecting to the calculation for possession of a firearm during the murder of Leroy Lucero. Doc. 865 at 8. Specifically, Defendant objects to the two-level enhancement applied pursuant to USSG § 2D1.1(b)(1) for possessing "a dangerous weapon (including a firearm)." *See* PSR ¶ 57, 63. Nonetheless, Defendant acknowledges that he was found guilty of the murder of Leroy Lucero while engaged in drug trafficking in violation of 21 U.S.C. § 848(e)(1)(A) and notes his objection to the enhancement for purposes of the record. Doc. 865 at 8.

In response to this objection, the United States is requesting this Court to consider the trial testimony in 22CR00634-JB. In particular, the United States would point this Court to the trial testimony of co-defendant Gary Coca who described, in detail, how the firearm was passed between he and the Defendant during the commission of the murder. For that reason, the United States concurs with the USPO's determination that the assessment is correctly applied and this Court should overrule Defendant's objection.

**E. Objection to the Criminal History Calculation for the Simple Battery / Petty Misdemeanor Conviction.**

Lastly, Defendant is objecting to his criminal history calculation for his simple battery/petty misdemeanor conviction. *Id*. at 9. The Presentence Report Writer concurred with Defendant's objection, and his criminal history category was reduced to I. The United States concurs with the

change to criminal history category I.

### III.     CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court accept the plea agreement and overrule Defendant's objections to the PSR.

Respectfully submitted,

ALEXANDER M.M. UBALLLEZ
United States Attorney

*Electronically Filed 09/4/2024*
MARIA Y. ARMIJO
RANDY M. CASTELLANO
RYAN G. ELLISON
Assistant U.S. Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

*Electronically Filed 09/4/2024*
MARIA Y. ARMIJO
Assistant U.S. Attorney