# UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
## SENTENCING MINUTE SHEET

| | | | | |
|---|---|---|---|---|
| CR No: | 19-3113-001 JB | | USA vs.: | PADILLA |
| Date: | 11/25/2024 | | Name of Deft: | Robert Padilla, a.k.a. "Fat Head" |

| | |
|---|---|
| Before the Honorable: | James O. Browning |

| | | | |
|---|---|---|---|
| Time In/Out: | 10:27 am – 11:15 am | Total Time in Court (for JS10): | 48 minutes |
| Clerk: | L. Rotonda | Court Reporter: | J. Bean |
| AUSA: | Maria Armijo/Randy Castellano/Ryan Ellison | Defendant's Counsel: | Joe Romero (appointed) |
| Sentencing in: | Albuquerque | Interpreter: | N/A |
| Probation Officer: | Melissa Corella | Interpreter Sworn? | Yes / No |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Convicted on: | **x** | Plea | | Verdict | As to: | | Information | **x** Indictment |
| If Plea: | **x** | Accepted | | Not Accepted | Adjudged/Found Guilty on Counts: | 1 | | |
| If Plea Agreement: | **x** | Accepted | | Not Accepted | No Plea Agreement | Comments: | | |
| Date of Plea/Verdict: | 3/11/2024 | PSR: | | Not Disputed | **x** Disputed | **x** Courts adopts PSR Findings | | |
| Evidentiary Hrg: | **x** | Not Needed | | Needed | **x** Exceptions to PSR: | Not exceptions; corrections to factual content as described below. | | |

| **SENTENCE IMPOSED** | | |
|---|---|---|
| Imprisonment (BOP): | 120 months; said term shall run concurrently to the sentence imposed in Case No. 1:22CR00634-001JB. | |
| Supervised Release: | 5 years; said term shall run concurrently to the sentence imposed in Case No. 1:22CR00634-001JB. | Probation: |
| REC **x** | 500-Hour Drug Program | BOP Sex Offender Program | Other: |
| ICE | Court recommends ICE begin removal proceedings immediately or during service of sentence | | ICE not applicable |

## SPECIAL CONDITIONS OF SUPERVISION

| | | | |
|---|---|---|---|
| | No re-entry without legal authorization | | Home confinement for ___ months ___ days |
| | Comply with ICE laws and regulation | | Community service for ___ hours during supervised release. |
| **x** | Participate in/successfully complete subst abuse program/testing | **x** | Reside halfway house **180** days |
| **x** | Participate in/successfully complete mental health program | | Register as sex offender |
| | Refrain from use/possession of alcohol/intoxicants | | Participate in sex offender treatment program |
| **x** | Submit to search of person/property | | Possess no sexual material |
| | No contact with victim(s) and/or co-defendant(s) | | Comply with Computer Restriction Monitoring Program (CRMP). |
| | No entering or loitering near victim's residence | | No contact with children under 18 years |
| | Provide financial information | | No volunteering where children supervised |
| **x** | Waive right of confidentiality and allow the treatment provider to release treatment records | | Restricted from occupation with access to children |
| **x** | Must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair your physical or mental functioning, whether or not intended for human consumption. | | Must not go or remain within 100 feet of school yards, parks, playgrounds, arcades, or other places used primarily by children under the age of 18 years |
| | Must not possess, sell, offer for sale, transport, cause to be transported, cause to affect interstate commerce, import, or export any drug paraphernalia, as defined in 21 U.S.C. 863(d). | | If defendant is unemployed - Must participate in an educational or vocational services program and follow the rules and regulations of that program |
| **x** | OTHER: You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed more than 60 test(s) per year. Testing may include urine testing, the wearing of a sweat patch, and/or any form of prohibited substance screening or testing. You must not attempt to obstruct or tamper with the substance abuse testing methods. You may be required to pay all, or a portion, of the costs of the testing.<br><br>You must not use or possess alcohol. You may be required to submit to alcohol testing that may include urine testing, a remote alcohol testing system, and/or an alcohol monitoring technology program to determine if you have used alcohol. Testing shall not exceed more than 4 test(s) per day. You must not attempt to obstruct or tamper with the testing methods. You may be required to pay all, or a portion, of the costs of the testing. | | |

| | |
|---|---|
| | You must participate in and successfully complete a community-based program which provides education and training in anger management. |
| | You must participate in and successfully complete a community-based program which provides education and training in domestic violence prevention. |
| | You shall waive your right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor your progress. The probation officer may disclose the presentence report, any previous mental health evaluations and/or other pertinent treatment records to the treatment provider. |
| | You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office. |
| | You must cooperate with the U.S. Probation Office in the investigation and approval of any position of selfemployment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, you must provide the U.S. Probation Office with full disclosure of selfemployment and other business records, including, but not limited to, all the records identified in the Probation Form 48F (Request for Self-Employment Records), or as otherwise requested by the U.S. Probation Office. |
| | You must not communicate, or otherwise interact, with any known gang member. |

| Fine: | $ | 21,450.66 | | Restitution: | $ | 0.00 (applicable; not imposed) | |
|---|---|---|---|---|---|---|---|
| SPA: | $ | 100.00 | | Payment Schedule: | x | Due Immediately | Waived |
| OTHER: | | Consistent with a stipulation in the Plea Agreement, the defendant forfeits his rights, title, and interest to a 2016 Chevrolet Corvette (VIN# 1G1YB2D77G5105754) bearing New Mexico license plate# 06178UNM and a 2011 Cadillac CTS (VIN# 1G6DP5ED8B0134136) bearing New Mexico license plate# 26859UNM. | | | | | |

| | | | | |
|---|---|---|---|---|
| **x** | Advised of Right to Appeal | **x** | Waived Appeal Rights per Plea Agreement | |
| **x** | Held in Custody | | Voluntary Surrender | |
| | Recommended place(s) of incarceration: | | | |
| **x** | Dismissed Counts: | AUSA moves orally to dismiss Counts 3, 4, 5, 11, 12, 14, 15, 16, 17, 18, and 19 of the Indictment, will file motion and submit order as to same; Defense Counsel confirms no objection as to same. | | |

OTHER COMMENTS:   Court calls case, counsel enter appearances.  Court queries counsel regarding counsel of record for government in instant matter, AUSA Armijo responds to Court's queries.  Court addresses Defendant regarding document prepared by Probation in matter, Defendant confirms having reviewed same.  Court indicates that it frequently will issue opinions in cases in which objections to the PSR have been filed, but as objections in instant matter relate to factual disputes, did not seem appropriate in instant matter.
Defense Counsel indicates that Defendant is prepared to withdraw objection to Paragraph 62 relating to quantity of drugs.  Court confirms same, notes that as to remaining objections, as the Court has sat through trial, if there are any issues as to which Court heard evidence, would be prepared to make findings by preponderance of the evidence.  Defense Counsel responds to same, indicates would object to entirely of Paragraph 31, notes that counsel is relying on discovery provided to Defense Counsel initially in case, and additional discovery disclosed pursuant to Defense Counsel's motion.  AUSA Armijo responds to same, indicates that government would agree to remove portions of paragraph, specifically two sentences pertaining to L. Sanchez.  Defense Counsel responds to same.  Court indicates will remove two sentences identified by government, will keep remainder of paragraph intact.  Defense Counsel addresses Court regarding objections to enhancement applied pursuant to Paragraphs 57, 64.  AUSA Armijo responds to same, as to Par. 57, indicates government would agree to remove second-to-last sentence related to Padilla's alleged instruction.  As to Par. 64, reviews evidence supporting same.  Defense Counsel argues in rebuttal as to objections.  Court indicates it does not have any reason to not credit witnesses post-arrest statements.  Will agree to remove sentence identified by government, but otherwise will overrule objection and leave enhancement and remaining factual assertions in place.  Defense Counsel addresses Court regarding objection to additional enhancement for possession of firearm, indicates will withdraw objection.  Defense Counsel indicates that as to final objection pertaining to Criminal History Category, USPPS had amended same, confirms that this effectively resolved objection.

| |
|---|
| Court queries Defense Counsel as to whether counsel agrees with calculation of applicable guideline range.  Court addresses parties regarding two additional corrections to PSR, whereby comma after "workforce solutions" in Par. 14 would be removed, parties agree to same.  Additionally, in Par. 150, Court proposes removing sentence providing that Defendant will be required to pay restitution, and that Defendant appears unable to pay fine, parties agree to same.  USPO Corella addresses Court regarding additional correction as to Par. 91, whereby "two" would be corrected to reflect "one" as new Criminal History Category.  Parties agree to same. |
| AUSA moves orally for downward adjustment in offense level, Defense Counsel confirms no objection, AUSA will file motion and submit order as to same. |
| Defense Counsel addresses Court regarding requested sentence, addresses Court regarding Defendant's net worth and status of assets listed in PSR.  Additionally, directs that guideline range set forth on page 46 will be corrected. |
| Defendant declines opportunity to allocute. |
| AUSA addresses Court regarding information in PSR related to property, USPO addresses Court regarding source of information reflected in PSR.  Court indicates will take Defendant's word as to same, confirms correct amounts to be reflected in PSR for Defendant's liabilities and total net worth. |
| AUSA addresses Court regarding government's position as to appropriate disposition of matter, asks that Court accept the parties' plea agreement. |
| Court states proposed sentence.  Defense Counsel addresses Court regarding residence purchase price and amount of value of property as listed in PSR, indicates Defendant owes amount on property.  Court indicates property value was derived from tax records.  Court will overrule objection, indicates that with real estate contract and records, that assessor has determined Defendant is owner of same.  Counsel confirm no further argument or comment.  Court orders sentence imposed as stated. |
| Court addresses counsel regarding Court's work on pending motions in Defendant's additional case. |